Filing # 15560335 Electronically Filed 07/03/2014 03:07:10 PM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISON

JULIE GODDARD,
as Personal Representative of the Estate of
DANIELLE C. MAUDSLEY,

       Plaintiff,                            CASE NUMBER: 13-004585-CI

v.

THE FLORIDA HIGHWAY PATROL, a
division of Florida Department of Highway
Safety and Motor Vehicles,
TROOPER DANIEL COLE,
TASER INTERNATIONAL, INC., and
DGG TACTICAL SUPPLY, INC.
f/k/a DGG TASER, INC.

       Defendants.

_____/

## FIRST AMENDED COMPLAINT

     COMES NOW the Plaintiff, JULIE GODDARD as Personal Representative of the

Estate of DANIELLE C. MAUDSLEY, by and through the undersigned attorneys, and sues

the Defendants, THE FLORIDA HIGHWAY PATROL, A DIVISION OF FLORIDA

DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, TROOPER DANIEL

COLE, TASER INTERNATIONAL, INC., and DGG TACTICAL SUPLLY, INC. f/k/a DGG

TASER, INC., alleging as follows:

     1.     This action is for damages exceeding fifteen thousand dollars ($15,000.00)

exclusive of interest, costs, and attorney's fees.

     2.     The conduct that gave rise to this lawsuit occurred in Pinellas County, Florida.

Venue is appropriate in this judicial circuit in accordance with Florida Statute Chapter 47.011

and established authority.



3.     The Defendant, FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, is the legal entity engaged in the control of THE FLORIDA HIGHWAY PATROL and all of its substations in the State of Florida and had actual control of the substation located at 7651 U.S. Highway 19, Pinellas Park, Pinellas County, Florida 33781 on or about September 9, 2011.

4.     On or about September 9, 2011, the Defendant, THE FLORIDA HIGHWAY PATROL, was a law enforcement agency engaged in the performance of its law enforcement functions while operating the substation located at 7651 U.S. Highway 19, Pinellas Park, Pinellas County, Florida 33781.

5.     On or about September 9, 2011, the Defendant, TROOPER DANIEL COLE, ("TROOPER COLE"), was employed as a law enforcement officer by FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES in their Florida Highway Patrol Division in Pinellas Park, Pinellas County, Florida.

6.     DANIELLE C. MAUDSLEY ("DANIELLE"), at all times material hereto, was a resident of Pinellas County.

7.     On or about September 9, 2011, the Defendant, TASER INTERNATIONAL, INC., ("TASER INTERNATIONAL"), is a foreign corporation authorized to do business in the State of Florida.

8.     On or about September 9, 2011, the Defendant, DGG TACTICAL f/k/a DGG TASER, INC., ("DGG TACTICAL") is a Florida Corporation, licensed to do and doing business in the State of Florida.

9.     On or about September 9, 2011, DANIELLE, a nineteen year old female, was arrested for a minor, nonviolent traffic infraction and taken to a FLORIDA HIGHWAY

PATROL substation in Pinellas Park, Pinellas County, Florida for processing.  At some point during her arrest she was placed in handcuffs.

10.     While at the Pinellas Park substation, and still in handcuffs, DANIELLE attempted to flee through the front door of the substation, and was immediately followed by Defendant COLE.

11.     When DANIELLE exited the front door and took a few steps to run (to the extent she could still being handcuffed), Defendant TROOPER COLE, although just a few steps behind her, removed his Electronic Control Device ("TASER ECD") or and fired it directly into her back.

12.     As a result of Defendant TROOPER COLE'S use of his TASER ECD, DANIELLE immediately collapsed, and in an uncontrolled manner, fell to the parking lot pavement with great physical force and effect, causing the back of her head to strike the hard concrete or asphalt surface causing her to suffer significant brain injuries.

13.     Within just a few seconds after DANIELLE fell to the pavement and suffered these significant injuries, she uttered her last words to TROOPER COLE, stating that she "could not get up", or words to that affect. Despite these pleas for help, TROOPER COLE failed to timely call emergency responders, or otherwise provide necessary medical attention to DANIELLE.

14.     As a result of Defendant TROOPER COLE'S use of his TASER ECD on DANIELLE, she suffered extensive traumatic brain injury and remained in a constant vegetative state until her death on September 15, 2013.

15.     The Plaintiff is the duly appointed, qualified and acting Personal Representative of the Estate of DANIELLE C. MAUDSLEY.

3

16.     On the date of her death, DANIELLE was not married and had no children.  The

beneficiaries of a recovery for wrongful death in this matter are as follows:

      a.     Cheryl Maudsley, mother of DANIELLE C. MAUDSLEY

      b.     Jason Funderburk, father of DANIELLE C. MAUDSLEY

      c.     DANIELLE C. MAUDSLEY'S estate.

17.     In accordance with Florida Statutes Section 768.28 proper notice was sent by

certified mail on January 10, 2012, to FLORIDA DEPARTMENT OF HIGHWAY SAFETY

AND MOTOR VEHICLES and Department of Financial Services.  See Exhibits "1," and "2,"

made a part hereof.

18.     All conditions precedent to the bringing of this action have either been met or

excused.

<u>**COUNT I – SURVIVAL CLAIM FOR PERSONAL INJURIES
AND WRONGFUL DEATH CLAIM
NEGLIGENCE: TROOPER DANIEL COLE**</u>

19.     The allegations of paragraphs (1) through (18) are incorporated by reference as if

set forth fully herein.

20.     TROOPER COLE owed a duty to DANIELLE and the general public to perform

all his duties as a law enforcement officer properly, including the proper, safe and appropriate

use of his TASER ECD.

21.     TROOPER COLE was negligent and breached his duties by, among other ways:

      a.     Failing to use his TASER ECD in a proper, safe and appropriate manner;

      b.     Deploying his TASER ECD on a handcuffed and running DANIELLE

             when he knew or should have known that the use of the TASER ECD

             under the circumstances would likely result in severe injuries to her;

4

      c.      Failing to use other available, safer means to stop DANIELLE such as simply reaching out with his hands and grabbing her;

      d.      Failing to timely call emergency responders, or otherwise provide necessary medical attention to DANIELLE.

      e.      Such other acts of negligence that may become known through discovery.

22.     As a direct and proximate result of the Defendant COLE'S negligence, DANIELLE C. MAUDSLEY suffered permanent bodily injury and resulting pain and suffering, suffered disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical care and treatment, expense of hospitalization and nursing care and treatment, and loss of the ability to earn money in the future.

23.     As a direct and proximate result of the Defendant COLE'S negligence, DANIELLE C. MAUDSLEY further suffered death.

24.     The survivors, Cheryl Maudsley and Jason Funderburk, sustained losses and damages as a result of DANIELLE C. MAUDSLEY'S death, including: mental pain and suffering and the value of lost support and services. The survivors will experience these losses in the future.

25.     DANIELLE C. MAUDSLEY'S estate sustained losses and damages as result of DANIELLE C. MAUDSLEY'S death, including: loss of earnings from the date of injury to the date of death, loss of prospective net accumulations, medical expenses and funeral expenses.

WHEREFORE the Plaintiff, JULIE GODDARD as Personal Representative of the Estate of DANIELLE C. MAUDSLEY, demands judgment against the Defendant TROOPER DANIEL COLE for damages suffered together with costs and a trial by jury on all issues so triable.

## COUNT II – SURVIVAL CLAIM FOR PERSONAL INJURIES
## AND WRONGFUL DEATH CLAIM
## ASSAULT & BATTERY: TROOPER COLE

26.     Plaintiff re-alleges and reincorporates paragraphs (1) through (18) above as is fully set forth herein.

27.     Defendant, TROOPER COLE, assaulted and battered DANIELLE.

28.     As a result of Defendant TROOPER COLE'S assault and battery of DANIELLE, she suffered permanent bodily injury and resulting pain and suffering, suffered disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical care and treatment, expense of hospitalization and nursing home care and treatment, and loss of the ability to earn money in the future.

29.     As a direct and proximate result of the Defendant TROOPER COLE'S assault and battery of DANIELLE she further suffered death.

30.     The survivors, Cheryl Maudsley and Jason Funderburk, sustained losses and damages as a result of DANIELLE'S death, including: mental pain and suffering and the value of lost support and services.  The survivors will experience these losses in the future.

31.     DANIELLE C. MAUDSLEY'S estate sustained losses and damages as result of DANIELLE C. MAUDSLEY'S death, including: loss of earnings from the date of injury to the date of death, loss of prospective net accumulations, medical expenses and funeral expenses.

32.     In doing the foregoing wrongful acts, Defendant TROOPER COLE acted in reckless and callous disregard for the constitutional rights of DANIELLE. The wrongful acts were willful, oppressive and malicious, thus warranting the award of punitive damages against each Defendant TROOPER COLE in an amount adequate to punish him and deter future misconduct by him and others.

6

WHEREFORE the Plaintiff, JULIE GODDARD as Personal Representative of the Estate of DANIELLE C. MAUDSLEY, demands judgment against the Defendant TROOPER DANIEL COLE for damages suffered, including punitive damages and a trial by jury on all issues so triable.

### COUNT III - SURVIVAL CLAIM FOR PERSONAL INJURIES
### AND WRONGFUL DEATH CLAIM
### *RESPONDEAT SUPERIOR:* THE FLORIDA HIGHWAY PATROL

33.     The allegations of paragraphs (1) through (21) and (26) through (32) are incorporated by reference as if set forth fully herein.

34.     On or about September 9, 2011, TROOPER COLE, was employed in unspecified law enforcement capacities by the Defendant THE FLORIDA HIGHWAY PATROL.

35.     TROOPER COLE was given the authority to effectuate arrests of individuals, detention of individuals, and the enforcement of criminal laws of the State of Florida.

36.     At all times material hereto, TROOPER COLE, was acting within the course and scope of his employment with THE FLORIDA HIGHWAY PATROL.

37.     The alleged conduct relating to this incident, including the alleged negligent interaction between TROOPER COLE and DANIELLE, furthered the interests of THE FLORIDA HIGHWAY PATROL.

38.     The conduct TROOPER COLE engaged in was the type of conduct that he was employed to perform under the authority of THE FLORIDA HIGHWAY PATROL.

39.     As a direct and proximate result of the conduct of the individual TROOPER COLE, and the Defendant THE FLORIDA HIGHWAY PATROL, by virtue of the doctrine of *respondeat superior*, DANIELLE suffered permanent bodily injury and resulting pain and suffering, suffered disability, disfigurement, mental anguish, loss of capacity for the enjoyment

of life, medical care and treatment, expense of hospitalization and nursing home care and treatment, and loss of the ability to earn money in the future.

41.     As a direct and proximate result of TROOPER COLE'S negligence, DANIELLE further suffered death.

42.     THE FLORIDA HIGHWAY PATROL, by virtue of the doctrine of *respondeat superior*, is responsible for damages associated with DANIELLE'S death.

43.     The survivors, Cheryl Maudsley and Jason Funderburk, sustained losses and damages as a result of DANIELLE'S death, including: mental pain and suffering and the value of lost support and services. The survivors will experience these losses in the future.

44.     DANIELLE C. MAUDSLEY'S estate sustained losses and damages as result of DANIELLE C. MAUDSLEY'S death, including: loss of earnings from the date of injury to the date of death, loss of prospective net accumulations, medical expenses and funeral expenses.

WHEREFORE the Plaintiff, JULIE GODDARD as Personal Representative of the Estate of DANIELLE C. MAUDSLEY, demands judgment against the Defendant THE FLORIDA HIGHWAY PATROL for damages suffered together with costs and a trial by jury on all issues so triable.

## COUNT III – SURVIVAL CLAIM FOR PERSONAL INJURIES
## AND WRONGFUL DEATH CLAIM
## NEGLIGENT TRAINING & INSTRUCTION: THE FLORIDA HIGHWAY PATROL

45.     Plaintiff re-alleges and reincorporates paragraphs one (1) through (18) above as is fully set forth herein.

46.     Defendant, THE FLORIDA HIGHWAY PATROL was responsible for the training and instruction of its employee and/or agent Defendant, TROOPER COLE.

47. Defendant, THE FLORIDA HIGHWAY PATROL further had a duty to DANIELLE, and the general public, to properly train and instruct its Troopers, including TROOPER COLE, in the proper, safe and appropriate use of TASER ECD'S.

48. Defendant, THE FLORIDA HIGHWAY PATROL was negligent and breached its duties by, among other ways, failing to train and instruct Defendant TROOPER COLE in the proper, safe and appropriate use of his TASER ECD.

49. As a direct and proximate result of the negligent training and instruction of Defendant TROOPER COLE by Defendant THE FLORIDA HIGHWAY PATROL, DANIELLE suffered permanent bodily injury and resulting pain and suffering, suffered disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical care and treatment, expense of hospitalization and nursing home care and treatment, and loss of the ability to earn money in the future.

50. As a direct and proximate result of the negligent training and instruction of the Defendant TROOPER COLE by Defendant THE FLORIDA HIGHWAY PATROL, DANIELLE further suffered death.

51. The survivors, Cheryl Maudsley and Jason Funderburk, sustained losses and damages as a result of DANIELLE'S death, including: mental pain and suffering and the value of lost support and services. The survivors will experience these losses in the future.

52. DANIELLE C. MAUDSLEY'S estate sustained losses and damages as result of DANIELLE C. MAUDSLEY'S death, including: loss of earnings from the date of injury to the date of death, loss of prospective net accumulations, medical expenses and funeral expenses.

WHEREFORE the Plaintiff, JULIE GODDARD as Personal Representative of the Estate of DANIELLE C. MAUDSLEY, demands judgment against the Defendant THE FLORIDA

HIGHWAY PATROL for damages suffered together with costs and a trial by jury on all issues so triable.

## COUNT IV – SURVIVAL CLAIM FOR PERSONAL INJURIES
## AND WRONGFUL DEATH CLAIM
## NEGLIGENCE: TASER INTERNATIONAL, INC.

53.     Plaintiff re-alleges and reincorporates paragraphs (1) through (18) above as is fully set forth herein.

54.     At all times herein mentioned, Defendant, TASER INTERNATIONAL was engaged in the business of designing, manufacturing, selling, distributing, installing, fabricating, assembling, buying, inspecting, testing, servicing, repairing, marketing, warranting and advertising, Taser electronic shock weapons to law enforcement agencies, including Defendant, THE FLORIDA HIGHWAY PATROL.

55.     At all times material hereto, Defendant, TASER INTERNATIONAL was engaged in the business of developing and providing warnings, instructions & instruction techniques, training materials & training protocols, scenario-based training and instruction concerning the proper, safe and appropriate use of the TASER ECD to law enforcement agencies, including Defendant, THE FLORIDA HIGHWAY PATROL, and their officers, such as Defendant, TROOPER COLE.

56.     Defendant, TASER INTERNATIONAL owed a duty of care to DANIELLE, and such other persons subject to the effects of the TASER ECD, to properly train, instruct and warn Defendant, THE FLORIDA HIGHWAY PATROL, and Defendant, TROOPER COLE, of the following:

   a.     The proper, safe and appropriate use of the TASER ECD under certain scenarios and conditions;

10

     b.    The secondary injury risks and dangers of deploying a TASER ECD on a handcuffed and/or running suspect;

     c.    The secondary injury risks and dangers of deploying a TASER ECD on a suspect standing and/or running over a hard surface, such as concrete or asphalt;

     d.    Safer, alternative means to control suspects in light of the secondary injury risks and dangers;

     e.    Recognizing secondary injuries such as head trauma, after deployment of the TASER ECD under certain circumstances;

     f.    The prompt need for medical attention and care for treatment and/or stabilization of secondary injuries such as head trauma, after deployment of the TASER ECD under certain circumstances;

     g.    Such other duties as that may become known through discovery.

57.    Defendant, TASER INTERNATIONAL breached its duty of care to DANIELLE by failing to properly train, instruct and warn the Defendant, THE FLORIDA HIGHWAY PATROL, and Defendant, TROOPER COLE, of the following:

     a.    The proper, safe and appropriate use of the TASER ECD under certain scenarios and conditions;

     b.    The secondary injury risks and dangers of deploying a TASER ECD on a handcuffed and/or running suspect;

     c.    The secondary injury risks and dangers of deploying a TASER ECD on a suspect standing and/or running over a hard surface, such as concrete or asphalt;

11

d. Safer, alternative means to control suspects in light of the secondary injury risks and dangers;

e. Recognizing secondary injuries such as head trauma, after deployment of the TASER ECD under certain circumstances;

f. The prompt need for medical attention and care for treatment and/or stabilization of secondary injuries such as head trauma, after deployment of the TASER ECD under certain circumstances;

g. Failing to perform such other acts as that may become known through discovery.

58. As a direct and proximate result of the negligence of Defendant TASER INTERNATIONAL, DANIELLE suffered permanent bodily injury and resulting pain and suffering, suffered disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical care and treatment, expense of hospitalization and nursing home care and treatment, and loss of the ability to earn money in the future.

59. As a direct and proximate result of the negligence of the Defendant TASER INTERNATIONAL, DANIELLE further suffered death.

60. The survivors, Cheryl Maudsley and Jason Funderburk, sustained losses and damages as a result of DANIELLE'S death, including: mental pain and suffering and the value of lost support and services. The survivors will experience these losses in the future.

61. DANIELLE C. MAUDSLEY'S estate sustained losses and damages as result of DANIELLE C. MAUDSLEY'S death, including: loss of earnings from the date of injury to the date of death, loss of prospective net accumulations, medical expenses and funeral expenses.

WHEREFORE the Plaintiff, JULIE GODDARD as Personal Representative of the Estate of DANIELLE C. MAUDSLEY, demands judgment against the Defendant, TASER

12

INTERNATIONAL for damages suffered together with costs and a trial by jury on all issues so triable.

**COUNT V – SURVIVAL CLAIM FOR PERSONAL INJURIES
AND WRONGFUL DEATH CLAIM
NEGLIGENCE: DGG TACTICAL, INC. f/k/a DGG TASER, INC.**

62.     Plaintiff re-alleges and reincorporates paragraphs (1) through (18) above as is fully set forth herein.

63.     At all times herein mentioned, Defendant, DGG TACTICAL, was engaged in the business of selling, distributing, marketing, warranting and advertising for sale, Taser electronic shock weapons to law enforcement agencies, including Defendant, THE FLORIDA HIGHWAY PATROL.

64.     Upon information and belief, Defendant, DGG TACTICAL, sold and/or otherwise placed into the stream of commerce, the TASER ECD product involved in the occurrence made the basis of this litigation.

65.     At all times material hereto, upon information and belief, Defendant, DGG TACTICAL, was further engaged in the business of developing and providing warnings, instructions & instruction techniques, training materials & training protocols, scenario-based training and instruction concerning the proper, safe and appropriate use of the TASER ECD product to law enforcement agencies, including Defendant, THE FLORIDA HIGHWAY PATROL, and their officers, such as Defendant, TROOPER COLE.

66.     Defendant, DGG TACTICAL, owed a duty of care to DANIELLE, and such other persons subject to the effects of the TASER ECD, to properly train, instruct and warn Defendant, THE FLORIDA HIGHWAY PATROL, and Defendant, TROOPER COLE, of the following:

      a.     The proper, safe and appropriate use of the TASER ECD under certain scenarios and conditions;

13

b.     The secondary injury risks and dangers of deploying a TASER ECD on a handcuffed and/or running suspect;

c.     The secondary injury risks and dangers of deploying a TASER ECD on a suspect standing and/or running over a hard surface, such as concrete or asphalt;

d.     Safer, alternative means to control suspects in light of the secondary injury risks and dangers;

e.     Recognizing secondary injuries such as head trauma, after deployment of the TASER ECD under certain circumstances;

f.     The prompt need for medical attention and care for treatment and/or stabilization of secondary injuries such as head trauma, after deployment of the TASER ECD under certain circumstances;

g.     Such other duties as that may become known through discovery.

67.     Defendant, DGG TACTICAL, breached its duty of care to DANIELLE by failing to properly train, instruct and warn the Defendant, THE FLORIDA HIGHWAY PATROL, and Defendant, TROOPER COLE, of the following:

a.     The proper, safe and appropriate use of the TASER ECD under certain scenarios and conditions;

b.     The secondary injury risks and dangers of deploying a TASER ECD on a handcuffed and/or running suspect;

c.     The secondary injury risks and dangers of deploying a TASER ECD on a suspect standing and/or running over a hard surface, such as concrete or asphalt;

14

d. Safer, alternative means to control suspects in light of the secondary injury risks and dangers;

e. Recognizing secondary injuries such as head trauma, after deployment of the TASER ECD under certain circumstances;

f. The prompt need for medical attention and care for treatment and/or stabilization of secondary injuries such as head trauma, after deployment of the TASER ECD under certain circumstances;

g. Failing to perform such other acts as that may become known through discovery.

68. As a direct and proximate result of the negligence of Defendant, DGG TACTICAL, DANIELLE suffered permanent bodily injury and resulting pain and suffering, suffered disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical care and treatment, expense of hospitalization and nursing home care and treatment, and loss of the ability to earn money in the future.

69. As a direct and proximate result of the negligence of the Defendant, DGG TACTICAL, DANIELLE further suffered death.

70. The survivors, Cheryl Maudsley and Jason Funderburk, sustained losses and damages as a result of DANIELLE'S death, including: mental pain and suffering and the value of lost support and services. The survivors will experience these losses in the future.

71. DANIELLE C. MAUDSLEY'S estate sustained losses and damages as result of DANIELLE C. MAUDSLEY'S death, including: loss of earnings from the date of injury to the date of death, loss of prospective net accumulations, medical expenses and funeral expenses.

WHEREFORE the Plaintiff, JULIE GODDARD as Personal Representative of the Estate of DANIELLE C. MAUDSLEY, demands judgment against the Defendant, DGG TACTICAL, INC., for damages suffered together with costs and a trial by jury on all issues so triable.

## COUNT VI – SURVIVAL CLAIM FOR PERSONAL INJURIES AND WRONGFUL DEATH CLAIM STRICT LIABILITY: TASER INTERNATIONAL, INC., DGG TACTICAL, INC. f/k/a DGG TASER, INC.

72.     Plaintiff re-alleges and reincorporates paragraphs (1) through (18) above as is fully set forth herein.

73.     At all times herein mentioned, Defendants, TASER INTERNATIONAL was engaged in the business of designing, manufacturing, selling, distributing, installing, fabricating, assembling, buying, inspecting, testing, servicing repairing, marketing, warranting and advertising for sale Taser electronic shock weapons to law enforcement agencies, including Defendant, THE FLORIDA HIGHWAY PATROL.

74.     At all times material hereto, Defendant, TASER INTERNATIONAL was engaged in the business of developing and providing warnings, instructions & instruction techniques, training materials & training protocols, scenario-based training and instruction concerning the proper, safe and appropriate use of the TASER ECD to law enforcement agencies, including Defendant, THE FLORIDA HIGHWAY PATROL, and their officers, such as Defendant, TROOPER COLE.

75.     Defendant, TASER INTERNATIONAL, for valuable consideration, designed, manufactured, sold, distributed, and otherwise caused to be placed in the stream of commerce, the TASER ECD product deployed by Defendant, THE FLORIDA HIGHWAY PATROL, and Defendant, TROOPER COLE, against DANIELLE.

76.     Defendant, DGG TACTICAL, for valuable consideration, sold, distributed, and otherwise caused to be placed in the stream of commerce, the TASER ECD product deployed by Defendant, THE FLORIDA HIGHWAY PATROL, and Defendant, TROOPER COLE, against DANIELLE.

77.     The TASER ECD product is comprised of the TASER ECD unit, including all accompanying, and subsequent documentation and information relating to warnings, instructions, training, scenario-based training and all other documentation and information concerning the proper, safe and appropriate use of the TASER ECD unit.

78.     At said time and place, the TASER ECD product was being used in an intended and/or foreseeable manner by TROOPER COLE.

79.     The   TASER ECD product was not reasonably safe when being used in its intended and/or foreseeable manner, but to the contrary, was defective and unreasonably dangerous when being so used.

80.     The   TASER ECD product was in a defective condition caused by the lack of adequate warnings and/or instructions, specifically, but not necessarily limited to:

> a.     The proper, safe and appropriate use of the TASER ECD under certain scenarios and conditions;
>
> b.     The secondary injury risks and dangers of deploying a TASER ECD on a handcuffed and/or running suspect;
>
> c.     The secondary injury risks and dangers of deploying a TASER ECD on a suspect standing and/or running over a hard surface, such as concrete or asphalt;
>
> d.     Safer, alternative means to control suspects in light of the secondary injury risks and dangers;

17

    e.     Recognizing secondary injuries such as head trauma, after deployment of the TASER ECD under certain circumstances;

    f.     The prompt need for medical attention and care for treatment and/or stabilization of secondary injuries such as head trauma, after deployment of the TASER ECD under certain circumstances;

    e.     Such other ways as may become known through discovery.

81.    As a direct and proximate result of the defective TASER ECD product designed, manufactured, sold, or otherwise placed into the stream of commerce by Defendants, TASER INTERNATIONAL and DGG TACTICAL, DANIELLE suffered permanent bodily injury and resulting pain and suffering, suffered disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical care and treatment, expense of hospitalization and nursing home care and treatment, and loss of the ability to earn money in the future.

82.    As a direct and proximate result of the defective TASER ECD product designed, manufactured, sold, or otherwise placed into the stream of commerce by Defendants, TASER INTERNATIONAL and DGG TACTICAL, DANIELLE further suffered death.

83.    The survivors, Cheryl Maudsley and Jason Funderburk, sustained losses and damages as a result of DANIELLE'S death, including: mental pain and suffering and the value of lost support and services. The survivors will experience these losses in the future.

84.    DANIELLE C. MAUDSLEY'S estate sustained losses and damages as result of DANIELLE C. MAUDSLEY'S death, including: loss of earnings from the date of injury to the date of death, loss of prospective net accumulations, medical expenses and funeral expenses.

WHEREFORE the Plaintiff, JULIE GODDARD as Personal Representative of the Estate of DANIELLE C. MAUDSLEY, demands judgment against the Defendants, TASER

INTERNATIONAL and DGG TACTICAL for damages suffered together with costs and a trial by jury on all issues so triable.

## COUNT VII - – SURVIVAL CLAIM FOR PERSONAL INJURIES
## AND WRONGFUL DEATH CLAIM
## 42 U.S.C § 1983 CLAIM AGAINST DEFENDANT TROOPER DANIEL COLE IN HIS
## INDIVIDUAL CAPACITY

85.    Plaintiff re-alleges and reincorporates paragraphs (1) through (18) above as is fully set forth herein.

86.    Defendant, TROOPER COLE, acting under color of state law, effected an unreasonable seizure of DANIELLE in that the force used was excessive under the circumstances, in violation of the Fourth and Fourteenth Amendments, and actionable under 42 U.S.C. § 1983.

87.    As a result of Defendant TROOPER COLE'S seizure of DANIELLE with excessive and unreasonable force, she suffered permanent bodily injury and resulting pain and suffering, suffered disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical care and treatment, expense of hospitalization and nursing home care and treatment, and loss of the ability to earn money in the future.

88.    As a direct and proximate result of the Defendant TROOPER COLE'S seizure of DANIELLE with excessive and unreasonable force, she further suffered death.

89.    The survivors, Cheryl Maudsley and Jason Funderburk, sustained losses and damages as a result of DANIELLE'S death, including: mental pain and suffering and the value of lost support and services.  The survivors will experience these losses in the future.

90.    DANIELLE C. MAUDSLEY'S estate sustained losses and damages as result of DANIELLE C. MAUDSLEY'S death, including: loss of earnings from the date of injury to the date of death, loss of prospective net accumulations, medical expenses and funeral expenses.

19

91.     In doing the foregoing wrongful acts, Defendant TROOPER COLE acted in reckless and callous disregard for the constitutional rights of DANIELLE. The wrongful acts were willful, oppressive and malicious, thus warranting the award of punitive damages against each Defendant TROOPER COLE in an amount adequate to punish him and deter future misconduct by him and others.

WHEREFORE the Plaintiff, JULIE GODDARD as Personal Representative of the Estate of DANIELLE C. MAUDSLEY, demands judgment against the Defendant TROOPER DANIEL COLE for damages suffered, including punitive damages, together with costs, attorney's fees pursuant to 42 U.S.C § 1988 and a trial by jury on all issues so triable.

Respectfully submitted,

Ralph M. Guito, III, Esq.
FBN: 832560
MCINTYRE THANASIDES BRINGGOLD
GRIMALDI & GUITO, P.A.
501 E. Kennedy Boulevard
Suite 1900
Tampa, FL 33602
Telephone:  (813) 899-6059
Facsimile:  (813) 899-6069
Primary Email: servicepi@mcintyrefirm.com
Secondary Email: ralph@mcintyrefirm.com
*Attorney for Plaintiff*

Filing # 15560335 Electronically Filed 07/03/2014 03:07:10 PM



Edward D. Carlson[2]
Paul A. Meissner[1,2]
J. Larry Hart[2]
Casey K. Carlson[2]
J. Kevin Hayslett[2]
Jason L. Fox[3,4]
Debora S. Moss[1]
Terri F. Cromley

Christopher G. Frey
Jennifer A. Burns
Matthew M. Donaldson
Rick Rivera
Robert L. Vessel
Sarah H. Barkley
Antonio L. Viera
Lee M. Pearlman
Gary A. Hewetson

## CARLSON, MEISSNER HART & HAYSLETT, P.A.

*The Law Offices of Carlson & Meissner*
*www.carlsonmeissner.com*

- Personal Injury
- Workers' Compensation
- Criminal Defense
- Social Security Disability
- Family Law

January 10, 2012

1. Board Certified Criminal Law
2. Also Licensed in CO
3. Also Licensed in NY
4. Also Licensed in NJ

TAX ID: 59-1547038

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**
22886
FL Department of Highway Safety and Motor Vehicles
1210-G Capitol Circle
Tallahassee, FL 32301

71 0408 7555 1000 2407 00

      RE:   Notice of Claim DANIELLE MAUDSLEY

Dear Sir or Madam:

This office represents Danielle Maudsley regarding the injuries she sustained in an accident that occurred on 09/26/2010.

Please consider this letter to be a Notice of Claim as required by section §768.28(6)(a) of the Florida Statutes.

**Claimant Information:**

Claimant's Name/Address:      Danielle Maudsley
                                   12400 Rose Street Apt. 42
                                   Seminole, FL 33772

Date and Place of Birth:      ████████████

Social Security Number:      ████████████

Any judgments owed by      Unknown
Claimant in excess of $200.00
to a governmental entity:



| ☑ 250 Belcher Road North, Suite 102 | ☐ 7614 Massachusetts Avenue | ☐ 1103 14th Street West | ☐ 4245 Rachel Boulevard |
|---|---|---|---|
| Clearwater, Florida 33765 | New Port Richey, Florida 34653 | Bradenton, Florida 34205 | Spring Hill, Florida 34607 |
| 727-443-1562 Fax 727-449-0258 | 727-847-2737 | 941-747-3100 | 352-597-2464 |
| Workers' Comp Fax 727-442-2219 | Fax 727-859-9727 | Fax 941-746-5995 | Fax 352-597-2467 |



PLAINTIFF'S
EXHIBIT
1

**Incident Information:**

Date/Time of Incident:      September 9, 2011
                                    Unknown

Location of Incident:      Florida Highway Patrol Substation
                                    Pinellas Park, FL

Description of Incident:      The nature of the claim is that on or about on or about 9/9/11, Maudsley was arrested and brought to the Florida Highway Patrol Substation, in Pinellas Park, Florida, where she was "tazed" by Trooper Daniel Cole. Trooper Cole assaulted and battered (by use of excessive force) Maudsley, and violated her rights as a citizen of the United States, under the First, Fourth and Fourteenth Amendment to the constitution.

Description of Injury:      As a result, Maudsley suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

Agents/Employees of      Florida Department of Highway Safety and Motor Vehicles
Agencies involved in the
Incident:

      I would request that you advise of any deficiencies of this Notice and whether you require further information in order to investigate our client's claim.

                  Very truly yours,

                  The Law Offices of CARLSON & MEISSNER

                  ROBERT L. VESSEL, ESQUIRE

JAB/sr

Filing # 15560335 Electronically Filed 07/03/2014 03:07:10 PM



Edward D. Carlson[2]
Paul A. Meissner[1,2]
J. Larry Hart[2]
Casey K. Carlson[1]
J. Kevin Hayslett[2]
Jason L. Fox[3,4]
Debora S. Moss[1]
Terri F. Cromley

Christopher G. Frey
Jennifer A. Burns
Matthew M. Donaldson
Rick Rivera
Robert L. Vessel
Sarah H. Barkley
Antonio L. Viera
Lee M. Pearlman
Gary A. Hewetson

CARLSON, MEISSNER
HART & HAYSLETT, P.A.

*The Law Offices of Carlson & Meissner*

*www.carlsonmeissner.com*

- *Personal Injury*
- *Workers' Compensation*
- *Criminal Defense*
- *Social Security Disability*
- *Family Law*

1. *Board Certified Criminal Law*
2. *Also Licensed in CO*
3. *Also Licensed in NY*
4. *Also Licensed in NJ*

January 10, 2012

71 0408 7555 1000 2406 18

*TAX ID: 59-1547838*

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**
22886
Department of Financial Services
200 East Gaines Street
Tallahassee, FL 32399-0300

    RE:   Notice of Claim DANIELLE MAUDSLEY

Dear Sir or Madam:

    This office represents Danielle Maudsley regarding the injuries she sustained in an accident that occurred on 09/26/2010.

    Please consider this letter to be a <u>Notice of Claim</u> as required by section §768.28(6)(a) of the Florida Statutes.

**Claimant Information:**

Claimant's Name/Address:        Danielle Maudsley
                              12400 Rose Street Apt. 42
                              Seminole, FL 33772

Date and Place of Birth:

Social Security Number:

Any judgments owed by          Unknown
Claimant in excess of $200.00
to a governmental entity:



☑ 250 Belcher Road North, Suite 102
Clearwater, Florida 33765
727-443-1562  Fax 727-449-0258
Workers' Comp Fax 727-442-2219

☐ 7614 Massachusetts Avenue
New Port Richey, Florida 34653
727-847-2737
Fax 727-859-9727

☐ 1103 14th Street West
Bradenton, Florida 34205
941-747-3100
Fax 941-746-3995

☐ 4245 Rachel Boulevard
Spring Hill, Florida 34607
352-597-2464
Fax 352-597-2467



PLAINTIFF'S
EXHIBIT
2

<u>Incident Information:</u>

Date/Time of Incident:          September 9, 2011
Unknown

Location of Incident:          Florida Highway Patrol Substation
Pinellas Park, FL

Description of Incident:        The nature of the claim is that on or about on or about 9/9/11, Maudsley was arrested and brought to the Florida Highway Patrol Substation, in Pinellas Park, Florida, where she was "tazed" by Trooper Daniel Cole. Trooper Cole assaulted and battered (by use of excessive force) Maudsley, and violated her rights as a citizen of the United States, under the First, Fourth and Fourteenth Amendment to the constitution.

Description of Injury:         As a result, Maudsley suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

Agents/Employees of        Florida Department of Highway Safety and Motor Vehicles
Agencies involved in the
Incident:

     I would request that you advise of any deficiencies of this Notice and whether you require further information in order to investigate our client's claim.

                Very truly yours,

                The Law Offices of CARLSON & MEISSNER

                ROBERT L. VESSEL, ESQUIRE

JAB/sr