**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JULIE GODDARD, as Person Representative
of the Estate of DANIELLE C. MAUDSLEY,

    Plaintiff,

vs.                                                                                                  CASE NO. 8:14-CV-1798-T-EAK-TBM

THE FLORIDA HIGHWAY PATROL, a division of
Florida Department of Highway Safety and Motor
Vehicles, and TROOPER DANIEL COLE, TASER
INTERNATIONAL, INC., and DGG TACTICAL
SUPPLY, INC. f/k/a DGG TASER, INC.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant's, Trooper Daniel Cole ("Trooper Cole"), Motion for Summary Judgment as to Plaintiff's 42 U.S.C. § 1983 Survival Claim for Personal Injuries & Wrongful Death Claim, Plead in the Alternative, Against Cole, (Doc. # 26), filed October 3, 2014, and Plaintiff's Response in Opposition, (Doc. # 31), filed October 27, 2014. For the reasons that follow, the Court denies the Motion without prejudice.

**BACKGROUND**

On May 7, 2013, Plaintiff filed the original complaint in the Sixth Judicial Circuit of Florida. (Doc. # 1). Through stipulation of the parties, Plaintiff amended her complaint July 3, 2014, which contained a cause of action under 42 U.S.C. § 1983. (Doc. # 1). Defendants collectively removed the case from state court to federal court on July 25, 2014. (Doc. # 1). On September 19, 2014, Plaintiff filed a Second Amended Complaint. (Doc. # 22). Plaintiff agreed to dismiss Counts IX through XIV—all against Defendants Taser International and DGG Tactical

1

Supply, with prejudice. The Court dismissed those counts on October 22, 2014. The following counts are pending in this action against Trooper Cole and the Florida Highway Patrol ("FHP"):

> Count I – Survival Claim for Personal Injuries (Trooper Cole);
> Count II – Wrongful Death Claim (Trooper Cole);
> Count III – Survival Claim for Personal Injuries, Respondeat Superior (FHP);
> Count IV – Wrongful Death Claim, Respondeat Superior (FHP);
> Count V – Survival Claim for Personal Injuries, Negligent Training & Instruction (FHP);
> Count VI – Wrongful Death Claim, Negligent Training & Instruction (FHP);
> Count VII – Survival Claim for Personal Injuries, 42 U.S.C. § 1983 (Trooper Cole); and
> Count VIII – Wrongful Death Claim, 42 U.S.C. § 1983 (Trooper Cole).

Defendant Trooper Cole moves for summary judgment on Counts VII and VIII, (Doc. # 26), and Plaintiff opposes the summary judgment. (Doc. # 31).

## **LEGAL STANDARD**

Summary judgment is appropriate if the pleadings, discovery, disclosure materials on file, and any affidavits demonstrate there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

> The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination of which facts are material and which facts are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Anderson, 477 U.S. at 248. However, if the evidence is merely colorable…or is not significantly probative…summary judgment may be granted. Id. at 249–250.

## ANALYSIS

Defendant moves the Court for the application of qualified immunity to shield him from liability on counts VII and VIII of the Second Amended Complaint. (Doc. # 26). Qualified immunity serves to protect officials "required to exercise their discretion" as well as "the related public interest in encouraging the vigorous exercise of official authority." Butz v. Economou, 438 U.S. 478, 506 (1978). Public officials are immune from liability "for the performance of their discretionary functions when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818). To receive qualified immunity, the public official "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002)) (internal quotation marks omitted).

After a defendant proves he or she was acting within his or her discretionary authority, the inquiry then turns to a two-part test, where the plaintiff bears the burden to demonstrate qualified immunity is inappropriate. Lee, 284 F.3d at 1194. This two-part test inquires whether a plaintiff's allegations, if true, establish a constitutional violation; and second, whether the violated constitutional right was clearly established which a reasonable official would have known. Vinyard, 311 F.3d at 1346 (citing Harlow, 457 U.S. at 818) (emphasis added). A constitutional right is clearly established when it has "been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that what he [or she] is doing violates federal law." Stanley v. City of Dalton, Ga., 219 F.3d 1280 (11th Cir. 2000); see Evans v. Stephens, 407 F.3d 1272, 1182 (11th Cir. 2005) (holding that "a law is clearly established only if it dictates, that is, truly compels, the conclusion for all reasonable, similarly

3

situated public officials that what defendant was doing violated [p]laintiffs' federal rights in the circumstances"). The notice to officials must be "fair and clear." Hope v. Pelzer, 536 U.S. 730, 745 (2002) (quoting U.S. v. Lanier, 520 U.S. 259, 271 (1997)) (internal quotation marks omitted). An officer will be entitled to qualified immunity if his actions were objectively reasonable. Vinyard, 311 F.3d at 1346. The Supreme Court determined this inquiry need not occur in any sequence, and courts "may exercise sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances[.]" Pearson v. Callahan, 555 U.S. 223, 236 (2009).

Trooper Cole moved for summary judgment on the issue of qualified immunity for Counts VII and VIII on October 3, 2014—two weeks after the Plaintiff filed the Second Amended Complaint. (Doc. # 26). Before Trooper Cole moved for summary judgment, the Court issued its Case Management and Scheduling Order (CMO) September 22, 2014. (Doc. # 23). The CMO provided a discovery cutoff date of September 30, 2015. (Doc. # 23). While Plaintiff appears to have disputed material facts, Plaintiff has explicitly contested the opportunity to conduct discovery, as well as the adequacy of discovery provided to date. (Doc. # 31). Specifically, Plaintiff represents to the Court "the issues had not been framed by the parties" before the filing of the Second Amended Complaint, and "in order to avoid irrelevant discovery, discovery was abated until the estate was established and the amended complaint was filed." (Doc. # 31). Most importantly, Plaintiff has not had the opportunity to depose Trooper Cole and other representatives of his employer, which has also precluded Plaintiff from engaging in "such additional discovery as it relates to the qualified immunity and other issues." (Doc. # 31). Plaintiff is correct that "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery." Snook v. Trust Co. of Georgia Bank of Savannah, 859 F.2d 865, 870

(11th Cir. 1988). Without the opportunity to depose the allegedly offending party, his supervisors, and explore that testimony through other discovery vehicles, this Court cannot find Plaintiff has had the opportunity to conduct meaningful discovery on the issue of qualified immunity. Therefore, this Court cannot rule on the subject motion until Plaintiff has been afforded an opportunity to conduct meaningful discovery and explore the facts and circumstances surrounding the subject incident. Accordingly, it is

**ORDERED** that Defendant's, Trooper Daniel Cole, Motion for Summary Judgment as to Plaintiff's 42 U.S.C. § 1983 Survival Claim for Personal Injuries & Wrongful Death Claim, Plead in the Alternative, Against Cole, (Doc. # 26), is **DENIED without prejudice**. Defendant may refile the motion upon the completion of meaningful discovery on the issues raised in the motion.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>14th</u> day of November, 2014.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:    All Counsel and Parties of Record